Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| WORLDNET TELECOMMUNICATION, LLC <br><br> Peticionario <br><br> v. <br><br> PUERTO RICO TELEPHONE COMPANY, INC. <br><br> Recurrido | TA2026CE00782 | *CERTIORARI* Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br> Caso Núm.: BY2022CV03596 (701) <br><br> Sobre:  Petición de Confirmación de Laudo de Arbitraje |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio, la jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2026.

Comparece WorldNet Telecommunications, LLC ("WorldNet" o "Parte Peticionaria") mediante *Petición de Certiorari* radicada el 18 de junio de 2026. Nos solicita la revocación de la *Resolución* notificada el 19 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "TPI"). Por virtud del referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud orden de ejecución de sentencia presentada por la Parte Peticionaria.

Por los fundamentos que expondremos a continuación **desestimamos** el recurso de epígrafe, por falta de jurisdicción, toda vez que es prematuro.

## I.

Surge del expediente ante nos que, WorldNet presentó ante el foro primario *Solicitud de Ejecución de Sentencia* el 9 de febrero

---

[1] DJ 2025-063C, 26 de mayo de 2026.

de 2026.[2] En esencia, alegó que Puerto Rico Telephone Company, Inc. ("PRTC" o "Parte Recurrida") adeuda la cantidad de $294,367.33, por razón de intereses acumulados, en virtud de la *Sentencia* notificada el 10 de abril de 2024. En vista ello, solicitó el pago de dicha suma, y en caso incumplimiento, la emisión de orden de embargo.

Por su parte, PRTC radicó *Oposición a Solicitud de Orden en Ejecución de Sentencia* el 2 de marzo de 2026, en la cual arguyó que corresponde rechazar de plano la solicitud presentada por la Parte Peticionaria, pues procede aplicar la figura de pago en finiquito y las doctrinas de *estoppel* y *laches*.[3] Asimismo, peticionó la suma no menor de $15,000.00, en concepto de honorarios de abogado ante la crasa temeridad desplegada por presentar el aludido petitorio.

No obstante, el 24 de marzo de 2026, la Parte Peticionaria presentó *Oposición a Solicitud de Honorarios,* en la cual argumentó que sería improcedente penalizar a WorldNet por utilizar los mecanismos procesales provistos por ley para lograr el cumplimiento íntegro de una obligación adjudicada mediante *Sentencia.*[4] **En cuanto a la referida solicitud, el foro *a quo* notificó *Orden* el 13 de marzo de 2026, en la cual indicó lo siguiente: "[b]ajo análisis"**.[5] (Énfasis nuestro).

Evaluadas sus posturas, el foro primario notificó *Resolución* el 19 de mayo de 2026, en la cual declaró *No Ha Lugar* la solicitud de ejecución de sentencia presentada por WorldNet.[6]

Oportunamente, el 2 de junio de 2026, PRTC presentó *Moción de Reconsideración de la Resolución de 18 de mayo de 2026, a los Únicos Fines de Imponerle Honorarios de Abogado a la*

---

[2] *Véase*, SUMAC TPI, Entrada 45.
[3] *Véase*, SUMAC TPI, Entrada 47.
[4] *Véase*, SUMAC TPI, Entrada 49.
[5] Véase, SUMAC TPI, Entrada 48.
[6] *Véase*, SUMAC TPI, Entrada 54.

*Parte Demandante.*[7] En síntesis, peticionó la reconsideración del dictamen recurrido pues consideró que el foro *a quo* erró al no expresarse respecto a la solicitud de honorarios de abogado presentada en su *Oposición a Solicitud de Orden en Ejecución de Sentencia.* Reiteró que, el remedio solicitado por WorldNet generó una controversia inexistente que le obligó a incurrir en gastos innecesarios para defenderse, producto de la temeridad desplegada por dicha parte.

De conformidad con lo anterior, el foro primario dictó *Orden* notificada el 4 de junio de 2026, mediante la cual le concedió a la Parte Peticionaria el término de veinte (20) días para que se exprese en torno a la reconsideración solicitada.[8]

Pendiente de adjudicar la reconsideración, el 18 de junio de 2026, WorldNet acudió ante este Tribunal de Apelaciones mediante *Petición de Certiorari,* en la cual esbozó los siguientes señalamientos de error:

1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA TASA DE INTERÉS APLICABLE AL LAUDO FINAL Y A LA SENTENCIA CONFIRMATORIA ERA LA TASA DE INTERÉS POR SENTENCIA CONTEMPLADA EN LA REGLA 44.3 DE PROCEDIMIENTO CIVIL EN LUGAR DE LA TASA CONTRACTUAL DE 15% ANUAL EXPRESAMENTE ADOPTADA EN EL LAUDO FINAL, Y AL DETERMINAR, COMO CONSECUENCIA DE ELLO, QUE PRTC HABÍA CUMPLIDO ÍNTEGRAMENTE CON LA SENTENCIA.

2. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A EJECUTAR EL LAUDO FINAL Y LA SENTENCIA CONFIRMATORIA, PRIVANDO A WORLDNET DE UN REMEDIO EFECTIVO PARA HACER VALER UNA SENTENCIA FINAL Y FIRME Y PERMITIENDO QUE PRTC ALTERARA UNILATERALMENTE EL ALCANCE ECONÓMICO DE LA OBLIGACIÓN ADJUDICADA.

Presentado su recurso, el 22 de junio de 2026, PRTC sometió ante nos *Moción de Desestimación de Petición de Certiorari y en Solicitud De Imposición de Honorarios de Abogado.* En esencia, informó que el 2 de junio de 2026 radicó *Moción de*

---

[7] Véase, SUMAC TPI, Entrada 55.
[8] Véase, SUMAC TPI, Entrada 56.

*Reconsideración* a los fines de peticionar al foro primario que atendiese su solicitud de honorarios, la cual no se adjudicó en la determinación aquí recurrida, notificada el 19 de mayo de 2026. En vista de lo anterior, solicitó la desestimación del recurso por considerar que se radicó prematuramente. Igualmente, requirió la imposición de honorarios por la temeridad manifestada por WorldNet al presentar el escrito a nivel apelativo.

El 23 de junio de 2026, esta Curia emitió *Resolución,* en la cual otorgó a la Parte Peticionaria el término de cinco (5) días para someter su oposición en cuanto a la moción de desestimación y solicitud de honorarios.

En cumplimiento, el 29 de junio de 2026, WorldNet presentó *Oposición a Moción de Desestimación,* en la cual expuso que, la solicitud de reconsideración presentada por la Parte Recurrida constituye una moción independiente de honorarios que no se adjudicó en la *Resolución* aquí impugnada. En esa línea, arguyó que dicha moción de reconsideración no interrumpió el término para recurrir a nivel apelativo. Puntualizó, además que, el dictamen recurrido atendió exclusivamente la controversia sustantiva relacionada con la solicitud de ejecución de sentencia, y no adjudicó petición alguna de sanciones u honorarios. Por lo anterior, sostuvo que no corresponde la concesión de la desestimación peticionada, ni la imposición de honorarios a nivel apelativo.

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica pertinente a la controversia ante nuestra consideración.

## II.
### *A. Jurisdicción*

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo

para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Véase, también, *Mun. Río Grande v. Adq. Finca et al.*, 2025 TSPR 36, 215 DPR __ (2025). Por su transcendencia, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *Friger Salgueiro v. Mech-Tech College, LLC y otros*, 2026 TSPR 30, 218 DPR ___ (2026); *FCPR v. ELA et al.*, 211 DPR 521, 30 (2023). En ese sentido, "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022); *Allied Mgmt. Group. v. Oriental Bank,* 204 DPR 374, 386 (2020). Ello, pues, de dictarse sentencia sin ostentar jurisdicción, entonces el decreto será nulo, entiéndase, jurídicamente inexistente o *ultravires. Rodríguez Vázquez v. Hosp. Auxilio Mutuo,* 2025 TSPR 55, 215 DPR ___ (2025); *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007).

En esa línea, "**un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre**". *In re Laboy Hernández,* 209 DPR 288, 299 (2022); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873*,* 883 (2007). (Énfasis nuestro). Por tanto, "[s]i un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *Friger Salgueiro v. Mech-Tech College, LLC y otros*, *supra*; *FCPR v. ELA et al., supra*, pág. 530. A la luz de esta normativa, la Regla 83(B)(1) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1), permite solicitar desestimación por motivos de ausencia de jurisdicción.

### B. *Efecto interruptor de la reconsideración*

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, reconoce el derecho a presentar solicitud de reconsideración, según se esboza a continuación:

> **La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.**
>
> **La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.**
>
> **La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.**
>
> **La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.**
>
> **Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.**
>
> **La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.** (Énfasis nuestro).

En lo pertinente a este recurso, el Tribunal Supremo de Puerto Rico ha señalado que "presentar una moción de reconsideración de manera oportuna interrumpe el término para acudir ante el foro revisor". *Flores Reyes v. Prestress Manufacturing Corp.,* 2026 TSPR 53, 218 DPR ___ (2026). Ahora bien, la mera presentación no paraliza automáticamente el término para acudir a nivel apelativo. Solo la radicación oportuna de una moción de reconsideración tendrá el efecto de paralizar los términos, si en su contenido, cumple con los requisitos expuestos en la Regla 47 de Procedimiento Civil. *Marrero Rodríguez v. Colón Burgos,* 201 DPR

330, 338 (2018); *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 167 (2016). **Así, pues, una solicitud que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la Regla 47 de Procedimiento Civil, lo cual implica que tiene efecto interruptor**. *Pueblo v. Rosario Paredes*, 209 DPR 155, 225 (2022). *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 8 (2014).

De conformidad con lo anterior, la radicación de la moción de reconsideración "interrumpe el término para acudir ante el foro revisor hasta que se archive en autos copia de la notificación de la resolución en la que se resuelve la moción". *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 449 (2016); Véase, también, *Lagares v. E.L.A.*, 144 DPR 601, 609 (1997). Por tanto, los términos para recurrir a nivel apelativo "comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración". *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 752 (2023). Véase, además, Regla 47 de Procedimiento Civil, *supra*. Es decir, el término para acudir ante esta Curia comenzará a transcurrir nuevamente desde la fecha cuando se archive en autos la copia de notificación del dictamen relacionado con la moción de reconsideración. *Marrero Rodríguez v. Colón Burgos*, *supra*, págs. 338-339; *Plan Salud Unión v. Seaboaard Sur. Co,* 182 DPR 714*,* 719 (2011).

### III.

Como cuestión principal, los tribunales estamos llamados a auscultar el alcance de nuestra jurisdicción, previo a la atención de los casos en sus méritos. Así nos aseguramos de que ostentamos la autoridad correspondiente para revisar un recurso, y a su vez, evitamos que se emitan dictámenes *ultravires* o inexistentes. Véanse, *Rodríguez Vázquez v. Hosp. Auxilio Mutuo,*

*supra*; *Maldonado v. Junta de Planificación, supra,* pág. 55. En consideración a esta normativa, evaluamos detenidamente el recurso que nos ocupa. Efectuado dicho examen, colegimos que estamos impedidos de asumir la jurisdicción en este momento. *Veamos.*

Surge del expediente ante nos que, el foro primario notificó el dictamen recurrido el 19 de mayo de 2026. Oportunamente, el 2 de junio de 2025, PRTC radicó *Moción de Reconsideración de la Resolución de 18 de mayo de 2026, a los Únicos Fines de Imponerle Honorarios de Abogado a la Parte Demandante.*[9] En esta solicitud, la Parte Recurrida arguyó que el foro primario erró al no expresarse respecto a la solicitud de honorarios de abogado, presentada en su *Oposición a Solicitud de Orden en Ejecución de Sentencia.*

Advertimos, pues, que dicha moción cuestiona razonablemente la decisión aquí impugnada, es decir, expone con suficiente especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse. Véanse Regla 47 de Procedimiento Civil; *Marrero Rodríguez v. Colón Burgos*, *supra*, pág. 338. *Patiño Chirino v. Parador Villa Antonio, supra,* pág. 449. Por consiguiente, dicha solicitud interrumpió el término para acudir ante este Foro Intermedio. Sin embargo, pendiente de adjudicar la aludida reconsideración, el 18 de junio de 2026, WorldNet recurrió ante nos mediante *Petición de Certiorari.* Ante tales circunstancias, nos encontramos impedidos de asumir la jurisdicción, pues la Parte Peticionaria acudió a destiempo a nivel apelativo, entiéndase, cuando aún el foro *a quo* ostentaba jurisdicción sobre el dictamen recurrido.

Ahora bien, en un intento de prevalecer en la contención, WorldNet aduce que la moción de desestimación sometida ante nos

---

[9] *Véase*, SUMAC TA, Entrada 55.

por la Parte Recurrida se tornó académica porque el foro primario declaró *No Ha Lugar* la solicitud de reconsideración, según consta en la *Resolución Interlocutoria* notificada el 23 de junio de 2026.[10]

**No coincidimos con este razonamiento.** Ello, pues, el estado de derecho vigente establece que "**un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre**". *In re Laboy Hernández*, supra, pág. 299; *S.L.G. Szendrey-Ramos v. F. Castillo, supra*, pág. 883. (Énfasis nuestro). En vista de ello, reiteramos que estamos privados de jurisdicción, toda vez que la Parte Peticionaria presentó su recurso ante nos prematuramente, es decir, cuando todavía el foro primario gozaba de jurisdicción para revisar el dictamen recurrido. Lo anterior constituye un defecto grave e insubsanable que nos priva de activar nuestra facultad revisora. Por tanto, procede desestimar el recurso de epígrafe, de conformidad con la Regla 83(B)(1) del Tribunal de Apelaciones, *supra.*

### IV.

Por los fundamentos que anteceden, ***desestimamos*** el recurso de epígrafe por falta de jurisdicción, de conformidad con la Regla 83(B)(1) del Tribunal de Apelaciones, *supra,* toda vez que es prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[10] *Véase*, SUMAC TPI, Entrada 60.